IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GIOVANNI ("HENRY") MONTOYA, et al.,<br><br>On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S.C.C.P. PAINTING CONTRACTORS, INC., et al.,<br><br>Defendants. | Case No. 1:07-cv-0455 (CCB) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT S.C.C.P. PAINTING CONTRACTORS, INC.

This Memorandum of Points and Authorities is submitted in support of Plaintiffs' Motion to Compel Discovery from Defendant S.C.C.P. Painting Contractors, Inc. ("Motion to Compel"). Pursuant to Fed. R. Civ. P. 37, Plaintiffs move this Court for an order compelling Defendant S.C.C.P. Painting Contractors, Inc. ("S.C.C.P.") to respond fully to Plaintiff Giovanni Montoya's First Set of (Class Discovery) Document Requests.

### STATEMENT OF THE CASE

Plaintiffs have brought this wage and hour case as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and as a class action under the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"); the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"); the D.C. Minimum

Wage Law, D.C. Code Ann. §§ 32-1001, *et seq.* ("DCMWL"); the D.C. Payment and Collection of Wages Law, D.C. Code Ann. §32-1301, *et seq.*("DCPCWL"); and Maryland and District of Columbia common law. Plaintiffs, former employees of S.C.C.P. (an organization that performs painting work across the Washington, D.C. metropolitan region), seek from S.C.C.P. and its owner, John Sulmonte (collectively, "Defendants"), appropriate remedies stemming from Defendants' uniform and systematic scheme of wage payment abuse against individuals who performed primarily painting-related work in Maryland and Washington, D.C. This scheme involved (but was not limited to) failing to pay all wages owed for work performed; failing to pay for work that Plaintiffs and Class members were required to perform "off-the-clock;" failing to pay Plaintiffs and other workers overtime compensation owed to them for hours over forty worked in any given workweek; and/or deducting amounts from employees' pay, purportedly for tax purposes, but on information and belief not for that purpose at all.

Mr. Montoya issued his First Document Requests on June 1, 2007, in accord with this Court's May 22, 2007 Order [ECF Doc. No. 17] setting the period of class discovery to take place between May 31, 2007, and August 31, 2007, in advance of a September 12, 2007 deadline for the class certification motion. As is outlined in greater detail below, the documents requested included timesheets; documents reflecting wages paid to potential class members; and documents related to overtime pay and rates of pay. All of these documents are relevant to class certification issues, as they deal with the identity and quantity of class members, and deal with the pattern and practice alleged in the Complaint.

In response to Mr. Montoya's First Document Requests, S.C.C.P. produced a grand total of only twenty-six pages of documents, comprised of copies of checks written to the four named Plaintiffs, which was a partial response to a single document request (Document Request No. 4). In response to two of the document requests (Document Request Nos. 8 and 9), S.C.C.P. responded that it had no

documents, a surprising response given their obligations to maintain such records under relevant wage and hour laws, including, *inter alia*, the regulations implementing the FLSA, at 29 C.F.R. § 516.5-516.6 (requiring preservation of payroll records; employment and earnings records; wage rate tables; and records of additions to or deductions from wages paid).[1] To Document Request Nos. 1, 2, 3, 4, 5, and 10, S.C.C.P. asserted a number of indefensible objections – including its refusal to provide information on any individuals other than the named Plaintiffs. In addition, Plaintiffs request a clarification of the ambiguous response to Document Request No. 7.

In a discovery period designed to allow the parties to gather information either in support of or in opposition to the forthcoming class certification motion, S.C.C.P.'s refusal to provide any information beyond copies of checks written to the four named Plaintiffs wholly frustrates the purpose of Court-ordered class discovery in this action.

**ARGUMENT**

Pursuant to the procedures set forth in L.R. 104.8(a), Plaintiffs hereby respectfully set forth, as to each response to which this Motion to Compel is directed, the discovery request, the response thereto, and the basis that Plaintiffs assert for the insufficiency of the response.

> **REQUEST NO. 1:** All payroll records showing wages paid to all employees for the period spanning from February 21, 2004 to the present.
> **RESPONSE NO. 1:** This Defendant objects to this request on grounds that it is overly broad, unduly harassing, and requests private and confidential information relating to this

---

[1] These two Document Requests, with accompanying responses, are as follows:
**REQUEST NO. 8:** All documents that constitute, refer to, reflect, evidence, or concern policies and procedures in effect between 2000 and the present relating to terms and conditions of employment, rates of pay, benefits, and overtime for any individual who performed work for the benefit of and/or at the direction of S.C.C.P.
**RESPONSE NO. 8:** None.

**REQUEST NO. 9:** All documents that discuss, mention, or refer to overtime, overtime policies, or pay for overtime worked for any employee between 2000 and the present.
**RESPONSE NO. 9:** None.

private company's financial and internal business, as well as the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence. This Defendant further objects to the span of time covered in this request in that it far exceeds the dates of any association or pleaded association between this Defendant and this Plaintiff or other named Plaintiffs. Further, it is this Defendant's position that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services, and thus do not fall under this request. As to the company's employees, who are not parties to this litigation, there is an expectation of privacy as to their payroll records and amounts of compensation, which should not be required to be made part of the public domain by use of this Plaintiff, who has already proven that he wishes to disseminate to the media information about this case (as evidenced by his press release to the Washington Post about the filed lawsuit even before ever confronting Plaintiffs with the matter). However, without waiving its objection this Defendant is now searching for a document relating to recorded payments made to the named Plaintiffs, as well as sign-in sheets relating to the named Plaintiffs, and will produce such documents if and when found in a redacted format so as not to reveal private information regarding payments made to others; and, this Defendant produces herewith copies of checks made payable to the named Plaintiffs.

This request is not "overly broad and unduly harassing." It seeks information for the time period specifically covered in the Complaint. The objection that this request "far exceeds the dates of any association or pleaded association between this Defendant and this Plaintiff or other named Plaintiffs" ignores the fact that other employees of S.C.C.P. (who did perform work beginning in February 2004) are potential members of the class to be certified.

Nor is the subject matter of the request overbroad or burdensome. As is relevant to this Document Request in particular, wage and hour laws including, but not limited to, the Fair Labor Standards Act ("FLSA") impose recordkeeping requirements on employers such as S.C.C.P., such that S.C.C.P. should have the requested information readily available. In the case of the FLSA, employers are required to keep, for each employee to whom the minimum wage and maximum hours sections of the FLSA apply, *inter alia*, records for hours worked each workday and total hours worked each workweek; total daily or weekly straight-time earnings or wages due for hours worked during the

workday or workweek, exclusive of premium overtime compensation; total premium pay for overtime hours; total additions to or deductions from wages paid each pay period; and total wages paid each pay period. 29 C.F.R. § 516.2. Thus, all of the requested documents should be readily available to S.C.C.P.

S.C.C.P.'s refusal to answer based on its objection that the document request allegedly seeks "private and confidential information relating to this private company's financial and internal business, as well as the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence" is equally untenable. This action sounds in, *inter alia*, the FLSA as well as District of Columbia and Maryland laws dealing with the payment of wages. S.C.C.P.'s finances and "internal business," as they relate to the payment of its workers (including workers other than the named Plaintiffs) are at the very heart of this matter. As such, the request seeks information that is relevant, material, and is specifically calculated to lead to the discovery of admissible evidence. By letter dated July 27, 2007 from counsel for Plaintiffs to defense counsel, the former offered to enter into a mutually-agreeable Stipulated Protective Order allowing the designating party to disclose, yet be ensured of adequate protection for, trade secrets or other confidential financial, budgeting, commercial, competition-sensitive and/or proprietary information. (July 27, 2007 Letter from Anne Langford to G. Randall Whittenberger, attached hereto at Exhibit 1.) As of the date of this filing, Defendant has not accepted this offer. As such, S.C.C.P. has no basis for withholding this material.

Similarly, S.C.C.P.'s refusal to provide information on any of its employees who are not named Plaintiffs is indefensible. S.C.C.P. states that "there is an expectation of privacy as to their payroll records and amounts of compensation. . . ." As noted above, in a potential class action involving allegations of unpaid wages and failure to pay overtime, this information is key to Plaintiffs' upcoming

class certification motion. Further, Plaintiffs' offer to enter into a mutually-agreeable Stipulated Protective Order should resolve all articulated privacy concerns on this score.

S.C.C.P. further declines to respond fully to this request based on its assertion "that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services, and thus do not fall under this request." Plaintiffs disagree with this legal conclusion, and will present evidence to the contrary at the appropriate time. However, the "independent contractor vs. employee" disagreement need not even be addressed at this juncture. Plaintiff Montoya's First Document Requests clearly define the term "employee" as follows: "any individual who performed work in the past, or currently performs work, for the benefit of and/or at the direction of S.C.C.P." As such, even individuals who S.C.C.P. claims are "independent contractors" would fall under this definition, and responsive materials on such individuals must therefore be produced.

Finally, S.C.C.P. claims that it "is now searching for a document relating to recorded payments made to the named Plaintiffs, as well as sign-in sheets relating to the named Plaintiffs, and will produce such documents if and when found in a redacted format so as not to reveal private information regarding payments made to others." To date, S.C.C.P. has not produced the additional documents for which it was "searching," now two months after Mr. Montoya propounded his First Document Requests. Given the imminent close of class-related discovery, additional delay will further prejudice Plaintiffs. Further, when such documents are located, they should be produced without redactions, as "payments made to others" are, again, at the crux of relevant information that Plaintiffs seek for class certification purposes, and any confidentiality concerns may be addressed by the entry of a Protective Order.

> **REQUEST NO. 2:** All information submitted to governmental tax authorities regarding wages earned by employees for the period spanning from February 21, 2004 to the present.
>
> **RESPONSE NO. 2:** This Defendant objects to this request on grounds that it is overly broad, unduly harassing, and requests private and confidential information relating to this private company's financial and internal business, as well as the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence. This Defendant further objects to the span of time covered in this request in that it far exceeds the dates of any association or pleaded association between this Defendant and this Plaintiff or other named Plaintiffs. Further, it is this Defendant's position that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services, and thus do not fall under this request. As to the company's employees, who are not parties to this litigation, there is an expectation of privacy as to their payroll records and amounts of compensation, which should not be required to be made part of the public domain by use of this Plaintiff, who has already proven that he wishes to disseminate to the media information about this case (as evidenced by his press release to the Washington Post about the filed lawsuit even before ever confronting Plaintiffs with the matter).

The bases that Plaintiffs assert for the insufficiency of this response are identical to those articulated for Document Request No. 1, above, and Plaintiffs incorporate those identical objections (respectfully referring the Court to pages 4 through 6 of this memorandum for the content of the same). The time-limited tax information sought in Document Request No. 2 (which S.C.C.P. is required by law to have submitted to tax authorities) will allow the Plaintiffs to identify potential class members and establish a pattern of behavior in line with the allegations in their Complaint, and is, therefore, relevant to class certification.

> **REQUEST NO. 3:** All documents, including (but not limited to) timesheets and sign-in sheets, documenting work performed by employees for the period spanning from February 21, 2004 to the present.
>
> **RESPONSE NO. 3:** This Defendant objects to this request on grounds that it is overly broad, unduly harassing, and requests private and confidential information relating to this private company's financial and internal business, as well as the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence. This Defendant further objects to the span of time covered in this request in that it far exceeds the dates of any association or pleaded association between

this Defendant and this Plaintiff or other named Plaintiffs. Further, it is this Defendant's position that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services, and thus do not fall under this request. As to the company's employees, who are not parties to this litigation, there is an expectation of privacy as to their payroll records and amounts of compensation, which should not be required to be made part of the public domain by use of this Plaintiff, who has already proven that he wishes to disseminate to the media information about this case (as evidenced by his press release to the Washington Post about the filed lawsuit even before ever confronting Plaintiffs with the matter). However, without waiving its objection this Defendant is now searching for a document relating to recorded payments made to the named Plaintiffs, as well as sign-in sheets relating to the named Plaintiffs, and will produce such documents if and when found in a redacted format so as not to reveal private information regarding payments made to others; and, this Defendant produces herewith copies of checks made to the named Plaintiffs.

The bases that Plaintiffs assert for the insufficiency of this response are identical to those articulated for Document Request No. 1, above, and Plaintiffs incorporate those identical objections (respectfully referring the Court to pages 4 through 6 of this memorandum for the content of the same). The "timesheets and sign-in sheets, documenting work performed by employees" sought in Document Request No. 3, limited to the time period dictated by the relevant statute of limitations, will allow the Plaintiffs to identify potential class members and establish a pattern of behavior in line with the allegations in their Complaint, and is therefore relevant to class certification.

> **REQUEST NO. 4:** All bank records, including (but not limited to) copies of checks, for the period spanning from February 21, 2004 to the present, reflecting wages paid to any employees.
> **RESPONSE NO. 4:** This Defendant objects to this request on grounds that it is overly broad, unduly harassing, and requests private and confidential information relating to this private company's financial and internal business, as well as the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence. This Defendant further objects to the span of time covered in this request in that it far exceeds the dates of any association or pleaded association between this Defendant and this Plaintiff or other named Plaintiffs. Further, it is this Defendant's position that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services, and thus do not fall under

this request. As to the company's employees, who are not parties to this litigation, there is an expectation of privacy as to their payroll records and amounts of compensation, which should not be required to be made part of the public domain by use of this Plaintiff, who has already proven that he wishes to disseminate to the media information about this case (as evidenced by his press release to the Washington Post about the filed lawsuit even before ever confronting Plaintiffs with the matter). However, without waiving its objection this Defendant is now searching for a document relating to recorded payments made to the named Plaintiffs, as well as sign-in sheets relating to the named Plaintiffs, and will produce such documents if and when found in a redacted format so as not to reveal private information regarding payments made to others; and, this Defendant produces herewith copies of checks made to the named Plaintiffs.

In its production of twenty-six pages of checks written to the named Plaintiffs, this is the only request in response to which S.C.C.P. produced any documents at all (and, in fact, those twenty-six pages constitute S.C.C.P.'s entire production). However, this response is clearly incomplete, as checks alone do not constitute all "bank records" responsive to the request, and also because S.C.C.P. has refused to produce similar checks written to any other potential class members.

Defendants' objections are insufficient for the same reasons stated in support of Document Request No. 1, and Plaintiffs incorporate those identical objections (respectfully referring the Court to pages 4 through 6 of this memorandum for the content of the same). The "bank records, including (but not limited to) copies of checks, for the period spanning from February 21, 2004 to the present, reflecting wages paid to any employees" sought in Document Request No. 4, limited to the time period dictated by the relevant statute of limitations, will allow the Plaintiffs to identify potential class members and establish a pattern of behavior in line with the allegations in their Complaint, and is therefore relevant to class certification.

> **REQUEST NO. 5:** All records containing any information regarding employees for the period spanning From February 21, 2004 to the present, including (but not limited to) personnel files and "Employee Information" sheets.

**RESPONSE NO. 5:** This Defendant objects to this request on grounds that it is overly broad, unduly harassing, and requests private and confidential information relating to this private company's financial and internal business, as well as the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence. This Defendant further objects to the span of time covered in this request in that it far exceeds the dates of any association or pleaded association between this Defendant and this Plaintiff or other named Plaintiffs. Further, it is this Defendant's position that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services, and thus do not fall under this request. As to the company's employees, who are not parties to this litigation, there is an expectation of privacy as to their payroll records and amounts of compensation, which should not be required to be made part of the public domain by use of this Plaintiff, who has already proven that he wishes to disseminate to the media information about this case (as evidenced by his press release to the Washington Post about the filed lawsuit even before ever confronting Plaintiffs with the matter).

The bases that Plaintiffs assert for the insufficiency of this response are identical to those articulated for Document Request No. 1, above, and Plaintiffs incorporate those concerns (respectfully referring the Court to pages 4 through 6 of this memorandum for the content of the same). The "records containing any information regarding employees for the period spanning From February 21, 2004 to the present, including (but not limited to) personnel files and 'Employee Information' sheets" sought in Document Request No. 5, limited to the time period dictated by the relevant statute of limitations (and even highlighting for the Defendant a particular type of document maintained by S.C.C.P.) will allow the Plaintiffs to identify potential class members and establish a pattern of behavior in line with the allegations in their Complaint, and is entirely legitimate subject matter for class discovery.

**REQUEST NO. 7:** All documents sufficient to identify any parent, subsidiary, or affiliated companies or entities of S.C.C.P.
**RESPONSE NO. 7:** None.

S.C.C.P.'s response to Document Request No. 7 is ambiguous. S.C.C.P. has not made clear whether there is no parent, and likewise whether there are no affiliated companies or

entities of S.C.C.P. or, on the other hand, whether such entities do exist, but there are no documents identifying them. Plaintiffs request a clarification of S.C.C.P.'s answer, and if it is the case that there is a parent and/or there are subsidiaries or affiliated companies, they request the production of documents sufficient to identify them.

> **REQUEST NO. 10:** Documents sufficient to show the rates of pay for each employee from February 21, 2004 to the present.
>
> **RESPONSE NO. 10:** This Defendant objects to this request on grounds that it is overly broad, unduly harassing, and requests private and confidential information relating to this private company's financial and internal business, as well as the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence. This Defendant further objects to the span of time covered in this request in that it far exceeds the dates of any association or pleaded association between this Defendant and this Plaintiff or other named Plaintiffs. Further, it is this Defendant's position that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services, and thus do not fall under this request. As to the company's employees, who are not parties to this litigation, there is an expectation of privacy as to their payroll records and amounts of compensation, which should not be required to be made part of the public domain by use of this Plaintiff, who has already proven that he wishes to disseminate to the media information about this case (as evidenced by his press release to the Washington Post about the filed lawsuit even before ever confronting Plaintiffs with the matter).

The bases that Plaintiffs assert for the insufficiency of this response are identical to those articulated for Document Request No. 1, above, and Plaintiffs incorporate those identical objections (respectfully referring the Court to pages 4 through 6 of this memorandum for the content of the same). Plaintiffs anticipate that documents reflecting "the rates of pay for each employee from February 21, 2004 to the present" sought in Document Request No. 10 (notably, limited to the time period dictated by the relevant statute of limitations), and coupled with documentation sought in other document requests (including bank records and time sheets), will allow Plaintiffs to demonstrate in their forthcoming motion for class certification that individuals

other than the named Plaintiffs were not compensated appropriately for straight time and overtime, thereby showing a classwide pattern and practice.

Relevant statutory schemes require the retention of information such as that requested in Document Request No. 10. Specifically, the regulations implementing the FLSA discuss the retention of an employer's tables or schedules which provide the rates used in computing "straight-time earnings, wages, or salary, or overtime pay computation." 29 C.F.R. § 516.6(b). Accordingly, this information should be readily available to S.C.C.P.

### Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Compel Discovery from Defendant S.C.C.P. Painting Contractors, Inc. As noted in the accompanying Proposed Order, Plaintiffs move this Court for an Order compelling S.C.C.P. to respond fully to Plaintiff Giovanni Montoya's First Set of (Class Discovery) Document Requests; and produce all non-privileged documents responsive to Plaintiff Giovanni Montoya's First Set of (Class Discovery) Document Requests. Plaintiffs respectfully request that this Court grant such other relief as it may deem appropriate.

Dated: August 6, 2007

Respectfully submitted,

_____/s/_____
David J. Cynamon (Bar No. 05620)
Anne E. Langford (Bar No. 16439)
Pillsbury Winthrop Shaw Pittman, LLP
2300 N Street, N.W.
Washington, D.C. 20037
Phone: 202-663-8000
Fax: 202-663-8007
E-mail: david.cynamon@pillsburylaw.com
         anne.langford@pillsburylaw.com

and

Laura E. Varela (Bar No. 28260)
Susan E. Huhta (Bar No. 14547)
Washington Lawyers' Committee for Civil Rights and Urban Affairs
11 Dupont Circle, NW Suite 400
Washington, DC 20036
Phone: 202-319-1000
Fax: 202-319-1010
E-mail: laura_varela@washlaw.org
         sue_huhta@washlaw.org

*Counsel for Plaintiffs*