# EXHIBIT 1



**Pillsbury**
**Winthrop**
**Shaw**
**Pittman**ᴸᴸᴾ

2300 N Street, N.W.          Tel   202.663.8000
Washington, D.C. 20037-1128   Fax   202.663.8007
                             www.pillsburylaw.com

July 27, 2007

**By First Class Mail**                          Anne E. Langford
**and Electronic Mail**                            202.663.8933
                                        anne.langford@pillsburylaw.com

G. Randall Whittenberger
Miles & Stockbridge, P.C.
30 West Patrick Street, 6th Floor
Frederick, Maryland 21701

Re:  ·  **Montoya, et al. v. S.C.C.P. Painting Contractors, Inc., et al.,**
        **Case No. 1:07-cv-0455 (CCB)**

Dear Mr. Whittenberger:

I write regarding S.C.C.P. Painting Contractors, Inc.'s Responses to Plaintiff Giovanni
Montoya's First Set of (Class Discovery) Document Requests, served on July 2, 2007
("Responses"). The Responses (and the accompanying twenty-six page document
production) were grossly inadequate. By this letter we seek to outline for you
representative deficiencies in your discovery responses in the hopes that you will remedy
the issues voluntarily, short of our planned service of a Motion to Compel on or before
Monday, August 6, 2007.

As a preliminary matter, S.C.C.P.'s "General Objection" in its Responses purports to
object to "Instructions and Definitions lettered A, B, C, and D insofar as such instructions
and definitions go beyond the scope of discovery as permitted by the Federal Rules of
Civil Procedure." Instruction A in Plaintiff Giovanni Montoya's First Set of (Class
Discovery) Document Requests to Defendant S.C.C.P. Painting Contractors, Inc.
("Plaintiff Montoya's Document Requests"), to which you purportedly object, states:
"The Uniform Instructions and Definitions For Use in Discovery Requests are
incorporated herein." This is a verbatim adoption of the phrase that, when placed in a
party's discovery requests, causes the United States District Court for the District of
Maryland to deem the Instructions and Definitions of its own discovery guidelines to be
incorporated by reference in a party's discovery requests. We assume that you are
familiar with, and do not mean to challenge, the Court's guidelines.

Further, in Mr. Montoya's discovery requests, item C in the Instructions and Definitions
is a definition of the term "employee." As you surely also know, this Court has long

G. Randall Whittenberger
July 27, 2007
Page 2

recognized that the use of reasonable definitions in discovery requests may be helpful, and – counter to your assertion – has specifically stated that "the use of definitions is not prohibited by the Federal Rules of Civil Procedure." Diversified Prods. Corp. v. Sports Ctr. Co., 42 F.R.D. 3, 4 (D. Md. 1967). Instructions B and D, relating to identification of documents that were in your custody but are no longer, and relating to a simple request for you to state where no documents responsive to any particular request exist, are standard and uncontroversial instructions. To the extent that you have relied on your "General Objection" to withhold responsive documents, such reliance is misguided, and will not stand up to scrutiny.

As for the substance of your responses to our specific document requests, we will address those in order.

- Responses to document request numbers 1, 2, 3, 4, 5, 6, and 10 state that the Defendant objects to the request "on grounds that it requests private and confidential information relating to this private company's financial and internal business . . . thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence."

  The above-referenced action sounds in, *inter alia*, the federal Fair Labor Standards Act as well as District of Columbia and Maryland laws dealing with the payment of wages. As such, your client will of course need to produce information on its finances and "internal business." S.C.C.P.'s finances and "internal business" are at the very heart of this matter, so are both highly relevant, material, and are specifically calculated to lead to the discovery of admissible evidence. Should S.C.C.P. be concerned about the disclosure of allegedly confidential information, counsel for Plaintiffs are prepared to enter into a mutually-agreeable Stipulated Protective Order allowing the designating party to disclose, yet be ensured of adequate protection for, trade secrets or other confidential financial, budgeting, commercial, competition-sensitive and/or proprietary information.

- Responses to document request numbers 1, 2, 3, 4, 5, 10 resist the disclosure of requested information on the basis that those requests seek "the private information and rights of employees of the company who are not parties to this litigation, thus requesting irrelevant and immaterial information not reasonably calculated to lead to the discovery of admissible evidence." In the same responses, you state: "As to the company's employees, who are not parties to this litigation, there is an expectation of privacy as to their payroll records and amounts of compensation, which should not be required to be made a part of the public domain by use of this Plaintiff. . . ."

  These responses evince a misunderstanding of the function of the class discovery that the Court has ordered in this matter. Again, in an action dealing (among

G. Randall Whittenberger
July 27, 2007
Page 3

other things) with the underpayment and nonpayment of workers, the very purpose of the class discovery period is to allow the named Plaintiffs to gather information on other S.C.C.P. employees who were exposed to treatment similar to that asserted by Plaintiffs in the Complaint, in advance of their filing of a Motion for Class Certification. Again, to the extent that S.C.C.P. is concerned about the disclosure of "confidential information" regarding its employees, counsel for Plaintiffs renew their offer to enter into a mutually-agreeable Stipulated Protective Order.[1]

- Responses to document request numbers 1, 2, 3, 4, 5, and 10 object to "the span of time covered in this request in that it far exceeds the dates of any association or pleaded association between this Defendant and this Plaintiff or other named Plaintiffs." This Court's discovery guidelines state that "No part of an interrogatory or document request should be left unanswered merely because an objection is interposed to another part of the interrogatory or document request." Therefore, the appropriate response to an assertion that the designated time period is overly broad is to assert the objection and to produce the documents pertaining to the undisputed time period. As you know, the Complaint sets forth a class period starting February 21, 2004, up to and including the date of the final disposition of this action. Since this discovery is in aid of class certification (and is not limited to the association of the individual named Plaintiffs with S.C.C.P.), at an absolute minimum, responsive documents spanning February 21, 2004 to the present should have been produced.

- In your responses to document request numbers 1, 2, 3, 4, 5, and 10, you state that "it is this Defendant's position that this Plaintiff and the named Plaintiffs are not employees of the company, but rather are independent contractors for their work and services. . . ." We look forward to proving that assertions and actions by S.C.C.P. reveal this response to be utterly frivolous as a matter of law. But that is a matter for another day. In item C under "Instructions and Definitions" of Plaintiff Montoya's Document Requests, the term "employee" was clearly defined as "any individual who performed work in the past, or currently performs work, for the benefit of and/or at the direction of S.C.C.P." As such, complete

---

[1]    S.C.C.P. states that it will produce certain documents for which it "now searching" "if and when found in a redacted format so as not to reveal private information regarding payments made to others." (Document request responses 1, 3, and 4). Information regarding "payments made to others" is the subject of these requests, and should not be redacted from documents that S.C.C.P. is required to produce. Entry into the above-referenced Stipulated Protective Order will address any confidentiality concerns and simultaneously allow S.C.C.P. to comply with its discovery obligations.

G. Randall Whittenberger
July 27, 2007
Page 4

information for any individual meeting those criteria must be disclosed. The definition clearly encompasses even individuals whom you allege to be "independent contractors."

- You claim that there are no documents, you have failed to produce documents, or alternately, you state that S.C.C.P. is "searching" for certain documents (and will produce those "if and when found") for categories of documents that S.C.C.P. is <u>required by law</u> to maintain, and should have produced even if the objections stated to such requests were defensible (which they are not).

  We assume that S.C.C.P. is aware of its legal obligations under federal and state statutory frameworks, and thus will not venture an exhaustive list of the same. However, one illustrative example of this involves its obligations under the Internal Revenue Code to submit an appropriate information returns for its payees (including independent contractors) for payments over $600 in any calendar year. S.C.C.P.'s numerous objections to document request number 2 are not defensible for the reasons outlined earlier in this letter. Yet despite those spurious objections, and even if it were the case that the named Plaintiffs were independent contractors as you (erroneously) assert, S.C.C.P. should have at minimum produced the documentation submitted to the Internal Revenue Service on behalf of the named Plaintiffs.

  Accordingly, for document request number 2 and numerous others, either responsive documents exist, in which case your responses are false (and in which case you must produce the documents) or your responses are correct and constitute admissions of per se legal violations. Please advise which of these two is the case.

- S.C.C.P. simply failed to respond to certain requests. It is hard to believe that it could be the case that there is no document reflecting the "location and identity of S.C.C.P.'s owners, officers, [or] offices. . . ." Yet you produced not one document reflecting any of the same.

- We have been informed that S.C.C.P. has been fined by the State of Maryland for not submitting timely certified payrolls; for failing to pay the prevailing wage; and for back pay due at least one employee. Numerous document requests (including, but not limited to, document request numbers 11, 12, 13, and 14) sought documents that should have been produced in relation to those and any other responsive events. Again, it is difficult to believe that no documents in response to such events exist. If S.C.C.P. had such documents at one time but no longer does, then pursuant to Instruction B in Plaintiff Montoya's Requests, S.C.C.P. should have provided further information on their disposition.

G. Randall Whittenberger
July 27, 2007
Page 5

In an attempt to resolve our differences prior to the service of our Motion to Compel, we request a conference call with you to discuss these matters.  We are willing to accommodate your schedule, and thus kindly request that you indicate, via return email to me at anne.langford@pillsburylaw.com, your availability for the same on any of the following dates:  July 30-31, 2007, or August 1, 2007.

We take this matter very seriously.  Short of a speedy and adequate response from you, we are prepared to comply with this court's guidelines by referring the matter "promptly to the Court for resolution."

Sincerely,

Anne E. Langford