IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND (BALTIMORE DIVISION)

| | |
|---|---|
| GIOVANNI MONTOYA, et al. | * |
| Plaintiffs | * |
| v. | * Case No.: 1:07-cv-00455-RDB |
| S.C.C.P. PAINTING CONTRACTORS, INC., et al. | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT
S.C.C.P'S MOTION TO COMPEL DISCOVERY**

Defendant, S.C.C.P. Painting Contractors, Inc. ("S.C.C.P."), by and through its undersigned attorneys, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 104.8, files this memorandum in support of its motion to compel discovery.

**Statement of Case**

A complaint for collective or class action relief should not be a backdoor method of soliciting clients, nor a clever tool for a "fishing expedition" through a private company's business records. Here, four workers who are unwilling to fully identify themselves,[1] and who have failed to state exactly how much they claim they have not been paid,[2] have filed a complaint alleging they were not paid adequately. Rather than simply coming forward and stating what is the amount they dispute was allegedly not paid them, they instead have allowed themselves to be used to manipulate the matter into a costly federal lawsuit with the object of destroying a small painting business.

---

[1] In response to Defendant's Interrogatories, Plaintiffs refuse to provide their addresses, social security numbers, drivers license numbers, or other means to check records to identify and confirm who they are.
[2] In response to Defendant's Interrogatories, Plaintiffs refuse to provide the dollar amounts of what they claim they are owed and for what actual work dates and times.

Plaintiffs' concept of discovery is entirely one-way. They object to answering interrogatories on how much they are owed, their full identification for record purposes, where they live, their social security numbers, their drivers' license numbers, the identifications of putative class members, the terms of alleged employment agreements, the dates of alleged employments, the amounts allegedly owed to putative class members, alleged pay periods involved, or how they secured work. Remarkably, they claim that asking for identifications and addresses is objectionable because such a request "seeks confidential, personal information". And yet, Plaintiffs stridently demand Defendant to divulge to them broad categories of private business records of the business and confidential personnel data for persons working for the business who undoubtedly have their own privacy expectations.

This is not reasonable nor right. If particular workers have a claim, they should step forward, identify themselves, and state what amount they claim they are owed and why. Without first having a basis and evidence to raise individual claims for individual clients, the class action device in this case wrongly seeks to solicit new clients and claims by using discovery to first scour through Defendants' private business records. This process is backwards. Freedom and fairness demand more. And with such backdrop, this Defendant respectfully requests the Court to compel appropriate discovery responses from Plaintiffs.

**Argument**

Pursuant to the procedures of L.R. 104.8, this Defendant respectfully sets forth, as to each response to which this Motion to Compel is directed, the discovery request, the response thereto, and the basis that this Defendant asserts for the insufficiency of the response.

<u>Interrogatory No. 1</u>: Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person *(Standard General Interrogatory No. 1)*.

<u>Response</u>: Individuals with information that tends to support any position that Plaintiffs have taken or intend to take in this action, including any claim for damages, and the subject matter of the information possessed by that person, are as follows:

Giovanni ("Henry") Montoya ("Mr. Montoya"). Mr. Montoya is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Alexander Figueroa ("Mr. Figueroa"). Mr. Figueroa is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Manuel Carrera ("Mr. Carrera"). Mr. Carrera is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Ivan Aplicano ("Mr. Aplicano"). Mr. Aplicano is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Cristobal Garcia ("Mr. Cristobal Garcia"). Mr. Cristobal Garcia is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and tic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Carlos Garcia ("Mr. Carlos Garcia"). Mr. Carlos Garcia is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Wilfredo Mejia ("Mr. Mejia"). Mr. Mejia is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Rogelio Esparza ("Mr. Esparza"). Mr. Esparza is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Rogelio Grajano ("Mr. R. Grajano"). Mr. R. Grajano is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Hugo Garcia ("Mr. H. Garcia"). Mr. H. Garcia is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Pedro Perez ("Mr. Perez"). Mr. Perez is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Pedro Garcia ("Mr. P. Garcia"). Mr. P. Garcia is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Johnny Carrera ("Mr. J. Carrera"). Mr. 1. Carrera is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Cesar Recinos ("Mr. Recinos"). Mr. 1. Recinos is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Samuel Grajano ("Mr. S. Grajano"). Mr. S. Grajano is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Carlos Aguilar ("Mr. Aguilar"). Mr. Aguilar is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Heman Guzman ("Mr. Guzman"). Mr. Guzman is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Oscar Ramirez ("Mr. Ramirez"). Mr. Ramirez is a former employee of S.C.C.P. Painting Contractors, Inc., and is knowledgeable, *inter alia,* about the uniform and systematic scheme of wage payment abuse on the part of S.C.C.P. and Defendant John Sulmonte, as stated in the Complaint.

Marvin Zapata Cantor ("Mr. Cantor"). Mr. Cantor witnessed S.C.C.P.'s offer of employment to Mr. Montoya, Mr. Figueroa, Mr. Aplicano, Mr. Cristobal Garcia, Mr. Pedro Garcia, Mr. Pedro Perez, and Mr. Hugo Garcia.

Plaintiffs also state that additional individuals with such information include John Sulmonte ("Mr. Sulmonte"), and a number of individuals currently or formerly under the control of S.C.C.P. and Mr. Sulmonte including (but not limited to) Rene Aguilera; Oscar Aguilera; "Rafael" (last name unknown); "Romeo" (last name unknown); "Wilson" (last name unknown); "Ana" or "Ann" or "Anne" (last name unknown); "Mauricio" (last name unknown); and "David" (last name unknown) who have knowledge of S.C.C.P.'s failure to comply with applicable laws, as alleged in the Complaint.

Motion to Compel Proper Response to Interrogatory No. 1: Plaintiffs failed to properly identify the individuals with information as requested. No addresses or telephone numbers have been placed within the response, as is obviously needed to contact these individuals in order to investigate the case. As these are potential witnesses in the case, Plaintiffs cannot properly object to providing proper and full identification. This is a standard (pattern) interrogatory. This Court should compel a proper response requiring proper identification of these possible witnesses or persons with information.

Interrogatory No. 4: Itemize and show how you calculate any economic damages claimed by you in this action, and describe any non-economic damages claimed. *(Standard General Interrogatory No. 4).*

Response: Plaintiffs object to this question as not reasonably calculated to lead to the discovery of admissible evidence with respect to class certification, which is limited to demonstrating or disproving class prerequisites of numerosity, commonality, typicality, and adequacy of representation. Because this request is not directed to any such issue, it is premature. Further, unless and until S.C.C.P. and Mr. Sulmonte (collectively, "Defendants")

provide requested information on, *inter alia,* class members and pay records (the subject of Plaintiffs' Motion to Compel Discovery, served on August 6,2007), it is not possible to calculate economic damages.

Subject to, and without waiving, the foregoing objections, Plaintiffs state that the calculation of economic damages will be figured based on the number of hours worked by each affected individual, multiplied by their hourly pay rate (and multiplied by 1.5 times their hourly pay rate for hours over 40 worked in any given workweek), minus the amount actually paid by Defendants to each individual. That end amount shall be subject to trebling, other penalties provided by law (including liquidated damages under the FLSA), and allowable interest, as well as fees and costs and any other relief the Court deems just and proper. Plaintiffs state that at this time they do not claim any non-economic damages.

Motion to Compel Proper Response to Interrogatory No. 4: This is also a standard interrogatory requesting how Plaintiffs calculate any economic damages claimed by them in the action, as well as any non-economic damages claimed. Plaintiffs should have this information before filing a lawsuit. The interrogatory is not objectionable. There is no requirement that interrogatories be limited to class action questions at this point, but even if there were such a limitation, this information would also be relevant to evaluate those issues. The interrogatory calls for dollar amounts for each of the Plaintiffs, showing how calculations of damages relating to the Complaint are performed. A proper response to Interrogatory No. 4, without objection, should be compelled by the Court.

Interrogatory No. 5: State your full name, address, social security number, and driver's license number.

Response: With the exception of the request for Plaintiffs' full names, Plaintiffs object to this question as not reasonably calculated to lead to the discovery of admissible evidence with respect to class certification, which is limited to demonstrating or disproving class prerequisites of numerosity, commonality, typicality, and adequacy of representation. Because this request is not directed to any such issue, it is premature. In addition, Plaintiffs object to the request for social security numbers and driver's license numbers on the basis that such a request seeks confidential, personal information.

Further, as Defendants should be aware, federal courts in wage and hour actions have routinely denied discovery of, among other things, plaintiffs' social security numbers; federal, state or local tax returns; federal, state, or local W-2's or 1099 forms; and any

information evidencing workers' national origin. A request for any such intonation is certainly not relevant for purposes of class discovery, but is also wholly irrelevant to any future discovery and the litigation of this action.

Subject to, but without waiving these objections, Plaintiffs state that their full names are Henry Giovanni Montoya; Cesar Alexander Figueroa; Manuel Cornelio Carrera; and Ivan Antonio Aplicano Rodriguez.

Motion to Compel Proper Response to Interrogatory No. 5: Address, social security and driver's license number of the named Plaintiffs is relevant and proper. Defendants being sued by Plaintiffs are permitted to know exactly who it is that is suing them. Providing complete information about identification is essential, as common names abound. Moreover, it would be naïve under these circumstances to suggest that workers never use false names, addresses, social security numbers, or other forms of identification, and it is important for Defendants to be able to confirm real names and real workers who seek damages from them. This request is neither premature nor irrelevant at this stage of the litigation. To claim that the request seeks confidential, personal information, is without merit, given that Plaintiffs have sought litigation against Defendants and necessarily place personal issues before the Court. Plaintiffs' reference to other federal court actions, without citations, is not analogous to this specific situation, where this information is relevant and appropriate. The Court should compel this further information to Interrogatory No. 5.

Interrogatory No. 6: State the full name, addresses, social security numbers, and driver's license numbers of each and every individual you claim should be a class member.

Response: With the exception of the request for class members' full names, Plaintiffs object to this question as not reasonably calculated to lead to the discovery of admissible evidence with respect to class certification, which is limited to demonstrating or disproving class prerequisites of numerosity, commonality, typicality, and adequacy of representation. Because this request is not directed to any such issue, it is premature.

In addition, Plaintiffs object to the request for social security numbers and driver's license numbers on the basis that such a request seeks confidential, personal information. As

Defendants should be aware, federal courts in wage and hour actions have routinely denied discovery of, among other things, plaintiffs' social security numbers; federal, state or local tax returns; federal, state, or local W-2's or 1099 forms; and any information evidencing workers' national origin. A request for any such information is certainly not relevant for purposes of class discovery, but is also wholly irrelevant to any future discovery and the litigation of this action.

Subject to, but without waiving these objections, Plaintiffs state that names of putative class members, as identified in the Response to Document Request No. 1 are:

Giovanni ("Henry") Montoya;
Alexander Figueroa;
Manuel Carrera;
Ivan Aplicano;
Cristobal Garcia;
Carlos Garcia;
Wilfredo Mejia;
Rogelio Esparza;
Rogelio Grajano;
Hugo Garcia;
Pedro Perez
Pedro Garcia
Johnny Carrera;
Cesar Recinos;
Samuel Grajano;
Carlos Aguilar;
Heman Guzman; and
Oscar Ramirez.

As for identification of the balance of putative class members, such identification will be based in part on information already requested but not yet forthcoming from S.C.C.P., and which is the subject of Plaintiffs' Motion to Compel, served on August 6, 2007. In their Complaint, Plaintiffs have identified the Maryland subclass in Paragraph 20 as all "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in the State of Maryland between February 21, 2004 and the date of the final disposition of this action." Further, they have defined the D.C. subclass in Paragraph 21 as "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in District of Columbia during the Class Period." Defendants are in control of the information identifying class members, and Plaintiffs are awaiting S.C.C.P.'s disclosure of the same.

<u>Motion to Compel Proper Response to Interrogatory No. 6</u>: Plaintiffs' objection is

unfounded. Nothing could be more relevant at this time than to seek the identification of

individuals Plaintiffs claim should be class members. Such an interrogatory requests the very information needed to analyze whether the class action is merited or appropriate. Simply listing incomplete names without address, telephone numbers and full identification is not sufficient. As for waiting for information from Defendants in order to name putative class members, such an objection exhibits a classic "fishing expedition". Plaintiffs before filing a lawsuit should have the basis for the lawsuit, whether it be class action or otherwise. The class action vehicle should not be used as a means to solicit clientele. As to defining "employees" in the Complaint, such definition has no bearing on responding to this particular Interrogatory. Arguments set forth in Nos. 1 and 5 above, are incorporated herein as further reasons why this Court should compel an appropriate response to Interrogatory No. 6.

Interrogatory No. 7: State the names and addresses of each employer for whom you have worked, including the dates you worked for each and the worksite locations for each.

Response: Plaintiffs object to this question as not reasonably calculated to lead to the discovery of admissible evidence with respect to class certification, which is limited to demonstrating or disproving class prerequisites of numerosity, commonality, typicality, and adequacy of representation. Because this request is not directed to any such issue, it is premature.

Motion to Compel Proper Response to Interrogatory No. 7: It is appropriate to know the names, addresses, and dates the named Plaintiffs have worked for other employers so as to analyze appropriate time periods involved in this case, and to determine how the named Plaintiffs negotiated their services in other instances. Such would be particularly relevant in establishing the manner in which these named Plaintiffs conducted their business during relevant time periods set forth in the Complaint. The Court should compel a full and fair answer to Interrogatory No. 7.

Interrogatory No. 9: If it is your contention that putative class members were employed by Defendants, set forth with particularity the specific (verbatim) terms of each putative class member's agreement, the form of the agreement (oral or written), the date of the agreement, and the names of persons involved in the negotiation of each agreement.

Response: Plaintiffs object to this question as not reasonably calculated to lead to the discovery of admissible evidence with respect to class certification, which is limited to demonstrating or disproving class prerequisites of numerosity, commonality, typicality, and adequacy of representation. Because this request is not directed to any such issue, it is premature.

Subject to this objection, Plaintiffs refer Defendants to their answer to Interrogatory No. 8, which provides information on the terms of the Plaintiffs' employment agreements. Information on additional class members' agreements will be based in part on information already requested but not yet forthcoming from S.C.C.P., and which is the subject of Plaintiffs' Motion to Compel, served on August 6, 2007. In their Complaint, Plaintiffs have identified the Maryland subclass in Paragraph 20 as all "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in the State of Maryland between February 21, 2004 and the date of the final disposition of this action." Further, they have defined the D.C. subclass in Paragraph 21 as "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in District of Columbia during the Class Period." Defendants are in control of the information identifying class members, and Plaintiffs are awaiting S. C. P.C.'s disclosure of the same.

Motion to Compel Proper Response to Interrogatory No. 9: The information requested in Interrogatory No. 9 is particularly relevant to discovering the basis and parameters of the class action lawsuit under these circumstances. It requests information about the agreements purportedly reached with this Defendant by the putative class members. Such request for information is unobjectionable to analyze class certification and other claims relating to the Complaint. It is certainly not premature. If Plaintiffs have information concerning putative class members, especially relating to employment agreements, it should reveal such information in discovery. The Court should compel a proper response Interrogatory No. 9. See also arguments set forth in Nos. 1, 5, and 7 above, incorporated herein.

Interrogatory No. 10: If it is your contention that Defendants failed to pay you what you were due, set forth all facts which support your contention, including within your answer the amount, the pay period, the relevant dates, the job, the jobsite, and all applicable names, dates and circumstances.

Response: Mr. Montoya was employed by S.C.C.P. from on or about December 16, 2005 to April 2006, working an average of six days a week, ten hours per day. Job sites at which Mr. Montoya worked include a project on a school in Langley Park/Hyattsville, in the vicinity of Maryland Route 410 and Riggs Road; a parking lot painting project in Bethesda, Maryland; a project in Georgetown in Washington, D.C. (on information and belief, at the corner of Calvert Street and Wisconsin Avenue); and a project on Church Street, N.W., in Washington, D.C. (on information and belief, 1400 Church Street, N.W., Washington, D.C.). Over the period of his employment, the Defendants failed to pay him certain paychecks owed him in their entirety (such as a paycheck for his last two weeks of employment with S.C.C.P.) and never paid Mr. Montoya overtime for the hours over forty that he worked in any given workweek.

Mr. Figueroa was employed by S.C.C.P. from on or about December 16, 2005 to April 2006, working an average of six days a week, ten hours per day. Job sites at which Mr. Figueroa worked include a project on a school in Langley Park/Hyattsville, in the vicinity of Maryland Route 410 and Riggs Road; a project in Baltimore; a project painting condominiums in Gaithersburg, Maryland; a project at a school located in Bethesda, Maryland; and a project on Church Street, N.W., in Washington, D.C. (on information and belief, 1400 Church Street, N.W., Washington, D.C.). Over the period of his employment, the Defendants failed to pay him certain paychecks owed him in their entirety (such as pay for a two-week period on the Baltimore job when a foreman refused to sign Mr. Figueroa's time sheets, and a paycheck for his last two weeks of employment with S.C.C.P.); never paid Mr. Figueroa overtime for the hours over forty that he worked in any given workweek; and refused to allow him to record on his time sheets time he in fact worked, thereby forcing him to work "off-the-clock."

Mr. Carrera was employed by S.C.C.P. from February 2006 to April 2006, working an average of six days per week, ten hours per day. The single job site at which Mr. Carrera worked was on Church Street, N.W., in Washington, D.C. (on information and belief, 1400 Church Street, N.W., Washington, D.C.). Over the period of his employment, the Defendants failed to pay Mr. Carrera certain paychecks owed him in their entirety (such as a paycheck for his last two weeks of employment with S.C.C.P.); never paid Mr. Carrera overtime for the hours over forty he worked in any given workweek; and deducted amounts from certain paychecks for the stated purpose of tax withholding (but on information and belief not for that purpose at all). When Mr. Can-era confronted Defendant John Sulmonte about missing money from his checks, Mr. Sulmonte responded that money had been deducted for taxes and FICA. However, Mr. Carrera never received any tax-related forms from S.C.C.P. to confirm this withholding.

Mr. Aplicano was employed by S.C.C.P. from on or about December 16, 2005 to April 2006, working an average of six days a week, ten hours per day. The job sites at which Mr. Aplicano worked include a project in Georgetown in Washington, D.C. (on information and belief, at the corner of Calvert Street and Wisconsin Avenue); a project in a school in Hyattsville, Maryland, in the vicinity of Maryland Route 410 and Riggs Road; a parking lot painting project in Bethesda, Maryland; a project at a school located in Bethesda, Maryland; and Church Street, N.W., in Washington, D.C. (on information and belief, 1400 Church Street, N.W., Washington, D.C.). Over the period of his employment, the Defendants failed to pay him certain paychecks owed him in their entirety (such as a paycheck for his last two weeks of employment with S.C.C.P.) and never paid Mr. Aplicano overtime for the hours over forty that he worked in any given workweek. Mr. Aplicano asked S.C.C.P. supervisor Oscar Aguilera if S.C.C.P. paid overtime for hours worked over forty in one week, and was informed that they do not.

For each of these Plaintiffs, the amount owed them, the precise pay periods implicated, and the relevant dates will all be verified based on information requested, but not yet forthcoming from S.C.C.P., and which is the subject of Plaintiffs' Motion to Compel, served on August 6, 2007.

<u>Motion to Compel Proper Response to Interrogatory No. 10</u>: Plaintiffs have failed to respond completely to Interrogatory No. 10. The Interrogatory requests information relating to the very basis of the named Plaintiffs' Complaint. The response fails to provide the amounts they claim were due, the pay periods involved, the relevant dates, the specific job, and the specific jobsite. Nothing could be more relevant to the lawsuit or Plaintiffs' claims. The response suggesting "certain paychecks", or other less than specific information, is not adequate. The Court should compel responses which properly respond to Interrogatory No. 10.

<u>Interrogatory No. 11</u>: If it is your contention that Defendants failed to pay putative class members what they were due, set forth all facts which support your contention, including within your answer for each putative class member the amount, the pay period, the relevant dates, the job, the jobsite, and all applicable names, dates, and circumstances.

<u>Response</u>: Plaintiffs direct Defendants to their Response to Interrogatory No. 10, which answers this question as to the four named Plaintiffs. As to other putative class members, their identification (and, in addition, further information on them, such as "the amount, the pay period, the relevant dates, the job, the jobsite, and all applicable names,

dates, and circumstances" related to Defendants' failure to pay class members adequately) will be based in part on information already requested but not yet forthcoming from S.C.C.P., and which is the subject of Plaintiffs' Motion to Compel, served on August 6, 2007. In their Complaint, Plaintiffs have identified the Maryland subclass in Paragraph 20 as all "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in the State of Maryland between February 21, 2004 and the date of the final disposition of this action." Further, they have defined the D.C. subclass in Paragraph 21 as "non-exempt, hourly paid employees who worked for the benefit of Defendants at work sites in District of Columbia during the Class Period." Defendants are in control of the information identifying class members, and Plaintiffs are awaiting S.C.C.P.'s disclosure of the same.

Motion to Compel Proper Response to Interrogatory No. 11: Nothing could be more relevant than seeking information concerning amounts purportedly due to putative class members, pay periods involved, relevant dates, jobs, and job sites. It is inappropriate to claim that this information should come from Defendants, when Plaintiffs are bringing the lawsuit and should have such information as a basis for their claims before filing suit. If Plaintiffs do not have this information to respond, then they should so state in their response. Indeed, Plaintiffs have made accusations and claims within their Complaint which suggest they already possess such information in order to base their claims. The Court should compel Plaintiffs to reveal such information, if it exists, by compelling Plaintiffs to fully and fairly respond to Interrogatory No. 11.

Interrogatory No. 12: Identify each and every individual you claim should be a class member, including names, addresses, social security numbers, driver's license numbers, and for each provide the specific facts indicating why each should be a class member.

Response: Plaintiffs object to this Interrogatory No. 12 as repetitive of Interrogatory No. 6. Subject to this objection, Plaintiffs respectfully refer Defendants to Plaintiffs' response to Interrogatory No. 6. On information and belief, the individuals other than Plaintiffs listed in that response suffered harms similar to those suffered by Plaintiffs while in the employ of S.C.C.P. (e.g., nonpayment of straight time, failure to pay overtime).

<u>Motion to Compel Proper Response to Interrogatory No. 12</u>: Plaintiffs objection is unfounded. Nothing could be more relevant at this time than to seek the identification of individuals Plaintiffs claim should be class members. Such an interrogatory requests the very information needed to analyze whether the class action is merited or appropriate. Simply listing incomplete names without such further identification is not sufficient. As for waiting for information from Defendants in order to name putative class members, such an objection exhibits a classic "fishing expedition". Plaintiffs before filing a lawsuit should have the basis for the lawsuit, whether it be class action or otherwise. The class action vehicle should not be used as a means to solicit clientele. As to defining "employees" in the Complaint, such definition has no bearing on responding to this particular Interrogatory. Arguments set forth in Nos. 1, 5 and 9, above are incorporated herein as further reasons why this Court should compel appropriate response to Interrogatory No. 12.

<u>Interrogatory No. 13</u>: As to your work relationship with Defendants, set forth with particularity (a) the type of work done, (b) the specific jobsite, ( c) the specific terms of any oral or written contract, and (d) the specific FSLA [sic] violation, including within your answer all applicable names and dates.

<u>Response</u>: Plaintiffs object to Part (b) of this question as repetitive of Interrogatory No. 10, and respectfully refer Defendants to their response to the same, which lists jobsites at which Plaintiffs worked while employed by S.C.C.P.

Plaintiffs further object to Part (c) of this question as wholly repetitive of Interrogatory No. 8, and respectfully refer Defendants to that answer for that portion of this question.

Subject to these objections, Plaintiffs state in response to Part (a) of this question that they all performed interior painting. In addition, Mr. Aplicano performed work staining floors while working at S.C.C.P.'s Church Street job site (on information and belief, 1400 Church Street, N.W., Washington, D.C.).

In response to Part (d) of this question, specific Fair Labor Standards Act ("FLSA") violations that all four Plaintiffs experienced include the Defendants' failure to pay the minimum wage. This occurred, *inter alia,* by Defendants' failure to pay Plaintiffs at all for

certain work performed for the Defendants' benefit by refusing to allow Plaintiffs (specifically, Mr. Figueroa) to accurately record on timesheets the full number of hours they worked, by not paying for work that was recorded on timesheets (including the Defendants' failure to pay each of the four Plaintiffs for their last two weeks of work), and by improperly deducting amounts from paychecks for the stated purpose of tax withholding, but on information and belief not in fact withheld for that purpose at all. Further, Defendants violated the FLSA by failing to pay the Plaintiffs one and one-halftimes the regular rate of pay all hours above forty worked in a given workweek.

Motion to Compel Proper Response to Interrogatory No. 13: The information requested in Interrogatory No. 13 is unobjectionable. Plaintiffs wrongly suggest that they have provided such information in their response to Interrogatory No. 10, which is not the case (as evident by discussion relating to Interrogatory Nos. 8 and 10 above). Moreover, the information which is provided does not fully respond to the specific portions of the Interrogatory. This Court should compel Plaintiffs to fully and fairly answer to Interrogatory No. 13.

**Interrogatory No. 14**: As to the work relationship between Defendants and each individual you claim should be a class member, set forth for each with particularity (a) the type of work done, (b) the specific jobsite, ( c) the specific terms of any oral or written contract, and (d) the specific FSLA [ sic] violation, including within your answer all applicable names and dates.

**Response**: Plaintiffs direct Defendants to their Response to Interrogatory No. 13, which answers this question as to the four named Plaintiffs. As to other putative class members, their identification (and, in addition, further information on them, such as "(a) the type of work done, (b) the specific jobsite, ( c) the specific terms of any oral or written contract, and (d) the specific FSLA [sic] violation, including within your answer all applicable names and dates") will be based in part on information already requested but not yet forthcoming from S.C.C.P., and which is the subject of Plaintiffs' Motion to Compel, served on August 6, 2007. In their Complaint, Plaintiffs have identified the Maryland subclass in Paragraph 20 as all "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in the State of Maryland between February 21,2004 and the date of the final disposition of this action." Further, they have defined the D.C. subclass in Paragraph 21 as "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in District of Columbia during the Class Period." Defendants are in control of the information identifying class members, and Plaintiffs are awaiting S.C.C.P.'s disclosure of the same.

<u>Motion to Compel Proper Response to Interrogatory No. 14</u>: Plaintiffs objection incorporated via Answer No. 13 is unfounded. Nothing could be more relevant at this time than to seek the identification of individuals Plaintiffs claim should be class members, and the specific details of their work. Such an interrogatory requests the very information needed to analyze whether the class action is merited or appropriate. Simply listing incomplete names without such further identification is not sufficient. As for waiting for information from Defendants in order to name putative class members, such an objection exhibits a classic "fishing expedition". Plaintiffs before filing a lawsuit should have the basis for the lawsuit, whether it be class action or otherwise. The class action vehicle should not be used as a means to solicit clientele. As to defining "employees" in the Complaint, such definition has no bearing on responding to this particular Interrogatory. Arguments set forth in Nos. 1, 5, 7, and 13, above are incorporated herein as further reasons why this Court should compel appropriate response to Interrogatory No. 14.

<u>Interrogatory No. 17</u>: Describe with particularity how each putative class member obtained work with Defendants, supplying all applicable names and dates.

<u>Response</u>: Plaintiffs object to this question as not reasonably calculated to lead to the discovery of admissible evidence with respect to class certification, which is limited to demonstrating or disproving class prerequisites of numerosity, commonality, typicality, and adequacy of representation. Because this request is not directed to any such issue, it is premature.

Further, the identification of class members (and, in addition, further information on class members, such as a description of "how each putative class member obtained work with Defendants, supplying all applicable names and dates") will be based in part on information already requested but not yet forthcoming from S.C.C.P., and which is the subject of Plaintiffs' Motion to Compel, served on August 6, 2007. In their Complaint, Plaintiffs have identified the Maryland subclass in Paragraph 20 as all "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in the State of Maryland between February 21, 2004 and the date of the final disposition of this action."

Further, they have defined the D.C. subclass in Paragraph 21 as "non-exempt, hourly paid employees who worked for the benefit of Defendants at worksites in District of Columbia during the Class Period." Defendants are in control of the information identifying class members, and Plaintiffs are awaiting S.C.C.P.'s disclosure of the same.

Subject to these objections, Plaintiffs refer Defendants to their response to Interrogatory No. 8.

<u>Motion to Compel Proper Response to Interrogatory No. 17</u>: The manner in which Plaintiffs obtained work from Defendants is relevant to determining class prerequisites in this case. It is also relevant in determining what claims Plaintiffs are making as to putative class members, and such individuals' relationship with the Defendant in particular. As such, the Interrogatory is unobjectionable. Plaintiff should provide the information, as it relates to the allegations they claim in their Complaint. If they are bringing such a Complaint, then they should have the facts to support such Complaint. The Court should compel Plaintiffs to respond fully and completely without objection.

## Conclusion

For the foregoing reasons, this Defendant respectfully requests that this Court grant *S.C.C.P.'s Motion to Compel Discovery* from Plaintiffs and such other relief as it may deem appropriate.

Dated: August 31, 2007

Respectfully submitted,

*G. Randall Whittenberger*    #02514
MILES & STOCKBRIDGE P.C.
30 West Patrick Street  6th Fl.
Frederick, MD  21701
301-662-5155
301-662-3647 (Fax)
rwhittenberger@milesstockbridge.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 31ST day of August, 2007, a copy of the foregoing *Memorandum in Support of S.C.C.P.'s Motion to Compel Discovery* was automatically transmitted by the Court in accordance with the Local Rules for Electronic Filing, to:

>Laura E. Varela, Esq.
>Susan E. Huhta, Esq.
>Washington Lawyers' Committee for Civil Rights
>  and Urban Affairs
>11 Dupont Circle, NW  Suite 400
>Washington, D.C.  20036
>
>David J. Cynamon, Esq.
>Anne E. Langford, Esq.
>Pillsbury Winthrop Shaw Pittman, LLP
>2300 N Street N.W.
>Washington, D.C.  20037

*G. Randall Whittenberger*